**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| KEVIN BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | Case No. 4:25-cv-01474-SEP |
| | ) | |
| KEELEY PROPERTIES, LLC, et al. | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

Before the Court are motions to dismiss filed by several Defendants: Keeley Properties, LLC, KDG Real Estate, LLC, and Keeley Construction Group, Inc., jointly, Doc. [16]; Defendant Keat Properties, Doc. [46]; Defendant Keat Olivette Gateway, Doc. [54]; and Third-Party Defendant PE Services, Doc. [69]. Also before the Court are the Motion for Judgment on the Pleadings filed by The Lamar Johnson Collaborative, Doc. [62], and the Motion for Leave to Supplement and for Oral Argument filed by Defendants KDG Real Estate and Keeley, Doc. [51]. All the motions are fully briefed. For the reasons set forth below, Defendants' facial challenges to Plaintiff's standing are all denied, as is Defendant Keat Olivette Gateway's argument under Federal Rule of Civil Procedure 12(b)(6). The Motion for Leave to Supplement and for Oral Argument is granted, and the factual challenge to Plaintiff's standing held in abeyance pending an evidentiary hearing.

**FACTS & BACKGROUND**

This case arises under the Fair Housing Act (FHA) as amended by the Fair Housing Amendments Act (FHAA), 42 U.S.C. §§ 3601-3619. On October 1, 2025, Plaintiff Kevin Brown, who uses a wheelchair for his daily activities, filed suit claiming that the developers, architects, builders, contractors, and owners of The Clover at Olive Crossing violated the FHA by failing to "construct the Property in compliance with the FHAA accessibility and usability requirements." Doc. [1] ¶¶ 2, 6. Defendant Keeley Properties, LLC, is an owner and developer of The Clover. *Id.* ¶ 13. Defendant KDG Real Estate, LLC d/b/a Keeley Properties is an owner and developer of The Clover. *Id.* ¶ 15. Defendant Keat Properties, LLC d/b/a Keat Properties is an owner and developer of The Clover. *Id.* ¶ 17. Defendant Keat Olivette Gateway, LLC is a developer of The Clover. *Id.* ¶ 19. Defendant The Lamar

Johnson Collaborative was the architect of The Clover. *Id.* ¶ 22.[1] On December 1, 2025, Defendant Lamar Johnson Collaborative Inc. filed a Third-Party Complaint seeking contribution and indemnification and asserting breach of contract against Code Consultants, Inc., and PE Services, LLC. Doc. [9] ¶¶ 15, 22, 27, 38, 45, 50.

The Court assumes the following allegations to be true for purposes of reviewing the pending motions. *See Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993) (In Rule 12(b)(1) facial challenges, "all of the factual allegations concerning jurisdiction are presumed to be true."); *Nietzke v. Williams*, 490 U.S. 319, 326 (1989) (Rule 12(b)(6) challenges operate "on the assumption that the factual allegations in the complaint are true.").

The Clover consists of around 181 residential units in one building and is served by elevators. *Id.* ¶ 35. In November 2024, while researching apartments in the St. Louis area, Plaintiff visited The Clover. *Id.* ¶ 40. He "observed that there were accessibility barriers that would interfere with his ability to access and use the facilities." *Id.* ¶ 40. Specifically, he observed that the centralized mailbox center lacked accessible mailboxes, the intercom at the building entrance lacked accessible controls and height, the coffee machine in the lounge lacked accessible controls and height, and the electrical panels and circuits in the common area were at an inaccessible height. *Id.* ¶ 53. The interior units of The Clover also lacked wheelchair-accessible bathrooms, fixtures, and controls. *Id.* ¶¶ 54-55. The barriers caused Plaintiff to "experience[] discrimination and be[] deterred from renting at the Property." *Id.* ¶ 50. He is "currently in the market for an apartment in the area [and] intends to return to [The Clover] and other rental property nearby to pursue a potential rental of an apartment . . . once it has been remediated." *Id.* ¶ 49.

The motions under review focus principally on Plaintiff's standing to bring his claims. *See* Docs. [16] ¶ 18; [46] ¶ 4; [54] ¶ 7; [62] ¶ 7; [69] at 2. Defendant Keat Olivette Gateway also argues that Plaintiff fails to state a claim upon which relief may be granted because he is not a bona fide renter. *See* Doc. [54] ¶ 6.

[1] Plaintiff does not allege how Defendant Keeley Construction Group, Inc., is related to the property. *See* Doc. [1] ¶ 23.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) permits a party to move to dismiss a claim for lack of subject matter jurisdiction. "In order to properly dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the complaint must be successfully challenged on its face or on the factual truthfulness of its averments." *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993) (citing *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990)). In a factual challenge, the defendant challenges the factual truthfulness of the assertions, and the Court may consider matter outside the pleadings. *Osborn*, 98 F.2d at 729. "In a facial challenge to jurisdiction, all of the factual allegations concerning jurisdiction are presumed to be true and the motion is successful if the plaintiff fails to allege an element necessary for subject matter jurisdiction." *Titus*, 4 F.3d at 593. As most of Defendants' arguments address the sufficiency of Plaintiff's allegations, not their veracity, the Court understands their arguments as facial challenges to jurisdiction. *Id.* To the extent that certain Defendants ask the Court to evaluate the plausibility of Plaintiff's allegations on the basis of evidence, *see, e.g.*, Doc. [51] at 4–5, the Court will consider that factual challenge separately, as set forth below.

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a claim for "failure to state a claim upon which relief can be granted." When ruling on a motion to dismiss, a court "must liberally construe a complaint in favor of the plaintiff," *Huggins v. FedEx Ground Package Sys., Inc.*, 592 F.3d 853, 862 (8th Cir. 2010), and "grant all reasonable inferences in favor of the nonmoving party," *Lustgraaf v. Behrens*, 619 F.3d 867, 872-73 (8th Cir. 2010) (citing *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 591 (8th Cir. 2009)).

## DISCUSSION

### I. <u>Plaintiff's allegations of injury-in-fact are sufficient to withstand Defendants' facial challenge.</u>

Defendants contend the Court lacks subject matter jurisdiction because "Plaintiff has failed to plead that he suffered any concrete injury . . . ." Doc. [16] ¶ 7. They point out that Plaintiff does not allege that he resided in an apartment at The Clover, was offered such an apartment, applied for such an apartment, or even asked for a rental application. *Id.* ¶ 15. Plaintiff's allegations that he observed accessibility barriers that could have interfered with his ability to use the apartment building's facilities are improper "conjecture," Defendants

argue. *Id.* ¶¶ 17-18. And they question the sincerity of Plaintiff's alleged intent to return to the property in the future, given his filing of five "nearly identical complaints" against "very different properties" around the St. Louis area. *Id.* ¶¶ 19-20.[2]

"[T]he sole requirement for standing to sue [under the Fair Housing Act] is the Article III minima of injury-in-fact: that the plaintiff allege that as a result of the defendant's actions he has suffered 'a distinct and palpable injury.'" *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 372 (1982) (quoting *Warth v. Seldin*, 422 U.S. 490, 501 (1975)). An injury-in-fact is "an invasion of a legally protected interest which is concrete and particularized and actual or imminent, not conjectural or hypothetical." *Lujan v. Def. of Wildlife*, 504 U.S. 555, 560 (1992) (citation modified). '[S]ome day' intentions—without any description of concrete plans, or indeed any specification of *when* the some day will be—do not support a finding of [ ] 'actual or imminent' injury . . . ." *Id.* at 564. An injury is concrete when there is "a close historical or common-law analogue for their asserted injury." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 425 (2021). The "most obvious" concrete injuries are "traditional tangible harms, such as physical harms and monetary harms." *Id*. Intangible harms are concrete injuries when they bear "a close relationship to harms traditionally recognized as providing a basis for lawsuits in American courts . . . includ[ing], for example, reputational harms, disclosure of private information, and intrusion upon seclusion." *Id*.

**A. Defendants' facial challenges to Brown's standing fail.**

Per the Complaint, Plaintiff "visited the Property in November 2024 and looked at one or more units." Doc. [1] ¶ 40. He "observed that there were accessibility barriers that would interfere with his ability to access and use the facilities." *Id.*; *see also id.* ¶¶ 53-55 (enumerating alleged accessibility barriers). He "was unable to access and assess all areas of the subject premises due to the lack of accessibility encountered." *Id.* ¶ 57. "The

[2] All Defendants' challenges to Plaintiff's standing are substantively similar. *See* Docs. [16] ¶ 23, [46] ¶ 8, [54] ¶ 7, [62] ¶ 8, [69] at 2. As noted throughout, multiple Defendants make substantively similar arguments on several subjects. For simplicity's sake, the Court refers in the text of this order to only one set of briefing on each issue, but its rulings apply to all substantively similar motions. Going forward, Defendants are expected to follow the undersigned's prohibition on duplicative filings. *See* Judge Pitlyk's Requirements ¶ 9, Motions and Memoranda at https://perma.cc/SFC6-M9QJ.

existence of barriers and the lack of accessible features deterred [him] from renting an apartment at the Property." *Id.* ¶ 41. He "intends to return to the property . . . to pursue a potential rental of an apartment, and . . . expects to return to the Property once it has been remediated." *Id.* ¶ 49. But he claims to have already been injured by "experiencing discrimination and being deterred from renting at the Property." *Id.* ¶ 50.

Defendants are correct that Plaintiff does not provide specifics about *how* the accessibility barriers he observed while visiting the property interfered with his ability to access and use the facilities, nor any allegations that he attempted to rent or was offered an apartment. And Defendants are correct that some courts have required such specifics in order to find standing for a suit like this one. *See, e.g.*, *Hull v. Richland Grand Nat'l 1, LLC*, 2026 WL 1453407, at *4 (M.D. Fla. May 22, 2026) ("Plaintiff asserts two injuries caused by his observation of Defendant's FHA violations: (1) experiencing discrimination as defined by the FHA and (2) being deterred from renting at the complex because of this discrimination. These purported injuries do not satisfy Article III's concreteness requirement following *TransUnion*."); *Millerborg v. Blue Bonnet Trail LLC*, 2025 WL 1994407, at *3 (N.D. Tex. July 16, 2025)("[T]he Court cannot say the requirement for a concrete injury-in-fact is met" where Plaintiff alleges only that he "observed and encountered accessibility barriers that would interfere with his ability to access and use the facilities" because he "provides no details about encountering the barriers he found at the property.").

But other courts have done the opposite. *See, e.g.*, *Brown v. Luxliving, LLC*, 2026 WL 2529417, at *5 (E.D. Mo. Aug. 27, 2026)(finding identical allegations from the same plaintiff sufficient to survive similar motions to dismiss); *Burnett v. Rutledge Flats*, 2025 WL 2796783, at *1 (M.D. Tenn. Sep. 29, 2025)(finding standing where plaintiff alleged injuries of "experiencing discrimination and being deterred from renting the property" after identifying FHA violations at the property); *Chapuis v. Forest Hill Grp. LLC*, 2025 WL 2382068, at *2-3 (W.D. Tenn. Aug. 15, 2025)(finding concrete and particularized injury "where when visiting the Property, [Plaintiff] alleges observing over forty FHA violations, which made him feel discriminated against and deterred from renting there.").

Most important to this Court is that no Defendant has pointed to any case—and the Court has found none—in which the Eighth Circuit has required the specificity Defendants

demand to support standing at the pleading stage in an analogous case. But the Court has found cases suggesting that the Eighth Circuit would find Plaintiff's allegations of injury-in-fact sufficient for the purposes of this stage. *See, e.g.*, *Jensen v. Minn. Bd. of Med. Prac.*, 2026 WL 2716496, at *4 (8th Cir. 2026) (by demanding "specifics" about a plaintiff's injury at the pleading phase, a district court "set the bar too high"); *Steger v. Franco, Inc.*, 228 F.3d 889, 893 (8th Cir. 2000) (finding injury-in-fact where plaintiff had gone to the property and encountered a barrier to entering a bathroom); *Davis v. Anthony, Inc.*, 886 F.3d 674, 678 (8th Cir. 2018) (observing that *Steger* supports standing "when the plaintiff encounters a violation in a building"); *see also Shaver v. Indep. Stave Co.*, 350 F.3d 716, 724 (8th Cir. 2003) ("[T]he mere fact of discrimination offends the dignitary interest that the statutes are designed to protect, regardless of whether the discrimination worked any direct economic harm to the plaintiffs.").

The Court therefore finds that Plaintiff has sufficiently pled injury-in-fact by alleging that he physically visited The Clover; that he was unable to access parts of the property; and that barriers to access caused him to feel discriminated against and deterred him from renting. The Court likewise finds Plaintiff's allegations that he is still in the market for an apartment and expects to return to The Clover after it is remediated sufficient to survive a facial challenge to Plaintiff's standing for prospective relief. *See Friends of the Earth, Inc. v. Laidlaw Env't Serv.*, 528 U.S. 167, 185 (2000) ("[A] plaintiff must demonstrate standing separately for each form of relief sought."); *see also Brown*, 2026 WL 2529417, at *5.

**B. The Court will hear evidence and argument on the factual challenge to Brown's standing.**

Plaintiff will, of course, have to produce evidence to survive a standing challenge at the summary judgment phase of this litigation. *See Hillesheim v. Holiday Stationstores, Inc.*, 900 F.3d 1007, 1010 (8th Cir. 2018). But Rule 12(b)(1) also allows a court to consider a factual challenge to a plaintiff's standing much earlier in the litigation, and several of the pending motions to dismiss assert such a challenge to Plaintiff's standing to seek prospective relief. For example, Defendants Keeley Properties, LLC, KDG Real Estate, LLC, and Keeley Construction Group, Inc., argue that Plaintiff's alleged expectation of returning to The Clover is "disingenuous" and ask the Court to take judicial notice of his "five other nearly identical complaints regarding very different properties," arguing that he "cannot

plausibly have a serious intention of returning and applying for housing at six different properties."[3] Doc. [16] ¶¶ 19-22; Doc. [17] at 5-6. Those same Defendants later filed the Motion for Leave to Supplement and for Oral Argument, Doc. [51], seeking to supplement the record with various public records that, in their view, cast further doubt on the allegations that underlie Plaintiff's standing to seek prospective relief.

"In a fact-based Rule 12(b)(1) challenge to subject matter jurisdiction, the district court has discretion to hold an evidentiary hearing, weigh the evidence, and make findings to resolve disputed fact issues that we review for clear error." *Disability Support All. v. Heartwood Enters., LLC*, 885 F.3d 543, 547 (8th Cir. 2018). Given the short shrift given to the factual challenge to Plaintiff's standing in the parties' original briefing, the Court will grant the Motion for Leave to Supplement and for Oral Argument, deny the motions to dismiss under Rule 12(b)(1) without prejudice to refiling a factual Rule 12(b)(1) challenge to Plaintiff's standing to seek prospective relief, allow for briefing of such a motion, and hold an evidentiary hearing before deciding the merits of Defendant's factual challenge to Plaintiff's standing to seek prospective relief.

No later than October 16, 2026, Defendants may refile **only** a factual Rule 12(b)(1) challenge to Plaintiff's standing to seek prospective relief. Only one such motion may be filed on behalf of all Defendants who want to assert such a challenge. *See supra* note 3. The memorandum in support of any such motion may be no longer than 5 pages, but that limitation does not apply to exhibits. Plaintiff may respond in no more than 5 pages (again, not including exhibits) no later than October 30, 2026. No reply will be considered. The Court will receive evidence and hear argument on November 5, 2026, at 1:00 p.m. The Court will decide whether to permit post-hearing briefing after the hearing.

## II. Defendants fail to show that Plaintiff's allegations are insufficient to state a claim under the FHA.

Defendants Keat Properties, LLC and Keat Olivette Gateway also argue that Plaintiff's allegations are insufficient to state a claim for violation of the FHA under Federal Rule of

---

[3] Defendants Keat Properties, PE Services, and The Lamar Johnson Collaborative also dispute the legitimacy of Plaintiff's claims of future harm. *See* Docs. [47] at 9, [63] at 5, and [70] at 6.

Civil Procedure 12(b)(6).[4] *See* Docs. [47] at 6-7, [54] ¶ 2. Specifically, they contend that Plaintiff's failure to "allege sufficient facts to suggest he was associated with, much less actually engaged in, any sale or rental of a dwelling at the property" means that he has not stated a claim under 42 U.S.C. § 3604(f).[5] Doc. [47] at 7; *see also* Doc. [55] at 6-7. They argue that because Plaintiff "does not allege that he resided at The Clover as a buyer or renter" or "submitted an application for residence" or "discussed the possibility [of renting] with a leasing agent" or "knows anyone that is a buyer or renter," he has failed to state a claim. Doc. [47] at 7; *see also* Doc. [55] at 6–7.

Conspicuously absent from either Defendants' briefing is a single citation to any case barring someone from bringing a claim under § 3604(f) unless he or she has taken a particular step in the process of renting or purchasing property. Nor is any such condition obvious from the statutory text, which dictates that it shall be unlawful:

> (1) To discriminate in the sale or rental, or **to otherwise make unavailable or deny, a dwelling** to **any buyer or renter because of a handicap of—**
>
> **(A) that buyer or renter**,
>
> **(B) a person residing in or intending to reside in that dwelling after it is so sold, rented, or made available**; or
>
> (C) any person associated with that buyer or renter.
>
> (2) To discriminate against **any person** in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap of--
>
> **(A) that person**; or
>
> **(B) a person residing in or intending to reside in that dwelling after it is so sold, rented, or made available**; or
>
> **(C)** any person associated with that person.

42 U.S.C. § 3604(f)(1)-(2)(emphasis added).

Keat Properties and Keat Olivette argue that Plaintiff has not sufficiently alleged a "bona fide intent" to "reside at the property." Doc. [46] ¶ 8, Doc. [55] at 7. But the term

---

[4] Defendants Keeley Properties, KDG Real Estate, and Keeley Construction Group also cite the Rule 12(b)(6) standard, *see* Doc. [16] ¶ 23, but they make no argument under that standard.

[5] Defendants occasionally refer to 42 U.S.C. § 3604(f) as 42 U.S.C. § 3602(f). The Court understands Defendants as alleging that Plaintiff has failed to state a claim under § 3604(f).

"bona fide" does not appear in § 3604(f). Nor, in the Court's view, does any term with similar significance. In fact, § 3604(f)(1) reaches not just "renters" and "buyers" but anyone intending to reside in a rented or purchased property and anyone associated with a renter or buyer. And § 3604(f)(2) applies even more broadly to "any person." There is no explicit threshold for qualifying as a "renter" or "buyer" or "person" protected by the statute. And if there is a statutory definition or a case that imposes such a threshold, neither Defendant refers the Court to it.

The term "bona fide" does appear in a nearby provision, 42 U.S.C. § 3604(a), which makes it unlawful to "refuse to sell or rent **after the making of a bona fide offer** . . . because of race, color, religion, sex, familial status, or national origin." (emphasis added). When Congress chooses to use different terms in closely related statutory provisions, the Court presumes that they meant to convey different ideas. *See Sw. Airlines Co. v. Saxon*, 596 U.S. 450, 457-58 (2022) ("[W]here [a] document has used one term in one place, and a materially different term in another, the presumption is that the different term denotes a different idea." (quoting A. Scalia & B. Garner, READING LAW 170 (2012))). Defendants provide nothing to counter that presumption here.

Absent any basis in the statutory text or legal authority, the Court declines Keat Properties and Keat Olivette Gateway's invitation to smuggle an extratextual "bona fide" requirement into 42 U.S.C. § 3604(f). Their motions to dismiss for failure to state a claim are denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' motions to dismiss and for judgment on the pleadings, Docs. [16], [46], [54], [69], [62], are **DENIED** without prejudice to refiling a factual Rule 12(b)(1) challenge to Plaintiff's standing to seek prospective relief.

**IT IS FURTHER ORDERED** that the pending motions for leave to file supplemental authority, Docs. [73], [76], are **DENIED as moot.**

**IT IS FURTHER ORDERED** that the Motion for Leave to Supplement and for Oral Argument filed by Defendants Keeley Properties, LLC, KDG Real Estate, LLC, and Keeley Construction Group, Inc., Doc. [51], is **GRANTED.**

**IT IS FINALLY ORDERED that,** no later than **October 16, 2026**, Defendants may file a single, consolidated factual Rule 12(b)(1) challenge to Plaintiff's standing to seek

prospective relief. The memorandum in support may be no longer than 5 pages, not including exhibits. Plaintiff may respond in no more than 5 pages, not including exhibits, no later than **October 30, 2026**. No reply will be considered. An evidentiary hearing will be held on **November 5, 2026, at 1:00 p.m**., in the courtroom of the undersigned.

Dated this 30th day of September, 2026.

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE